UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM SING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MINERAL COUNTY, et al.,<br><br>　　　　Defendants. | No. 2:14-cv-2170 MCE GGH PS<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff Sing, proceeding in this action pro se, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　The determination that plaintiff may proceed in forma pauperis does not complete the required inquiry.  Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

1 | pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
2 | Cir. 1989); Franklin, 745 F.2d at 1227.
3 |       A complaint must contain more than a "formulaic recitation of the elements of a cause of
4 | action;" it must contain factual allegations sufficient to "raise a right to relief above the
5 | speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).
6 | "The pleading must contain something more...than...a statement of facts that merely creates a
7 | suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal
8 | Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient
9 | factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft
10 | v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.
11 | Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows
12 | the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."
13 | Id.
14 |       Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92
15 | S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).
16 | Unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff
17 | proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal.
18 | See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987); Franklin, 745 F.2d at 1230.
19 |       Plaintiff alleges that in early September, 2014, defendants Mineral County (Nevada) and
20 | its Sheriff and District Attorney (both Nevada residents and acting officially there) illegally
21 | issued a search warrant, raided property inside the Walker River Indian Reservation (Nevada) that
22 | plaintiff was managing, and seized his personal property and his DNA.  In his concurrently filed
23 | "motion to stop illegal prosecution and for the appointment of attorney," plaintiff asserts that
24 | defendants are illegally prosecuting him, and he requests an order to "stop illegal prosecution."
25 | Plaintiff alleges that defendants asked Sacramento County officials to arrest him, and he claims
26 | that an extradition hearing is scheduled for October 22, 2014, and he requests a ruling by this
27 | court prior to that hearing.  (ECF No. 3.)  The complaint alleges constitutional violations under 42
28 | U.S.C. §§ 1983 and 1988.  Plaintiff seeks a preliminary and permanent injunction to prevent

defendants from "exercising their jurisdiction against property in Indian Country, to restrain defendants from including plaintiff's DNA in their database, and "an order for required needs of Non-Indians in Indian Country." He also seeks damages.

Plaintiff does not allege in his complaint that his state criminal proceedings, or appellate proceedings relating thereto, have concluded. In fact, he refers to an extradition proceeding which is scheduled for October, 2014. (ECF Nos. 3, 4 at 1.) This timing would suggest that those criminal proceedings are still pending.

The complaint is deficient in several respects. Firstly, because all of the defendants are Nevada residents, and all actions alleged against these defendants occurred in Nevada on land allegedly termed "Indian Country," and the property at issue is located in Nevada, this court has no personal jurisdiction over the County itself. Exercising jurisdiction over non-residents is appropriate only where the defendants' acts in the forum are so pervasive that "general jurisdiction" exists, or the defendants have acted in the forum specifically related to the claimed untoward acts set forth in the complaint; simply causing an effect in the state with out-of-state activities is insufficient. Thus, the County itself is not subject to jurisdiction in this court even though the individual defendants may be amenable to personal jurisdiction for availing themselves of the benefits of California law in asking that defendant be arrested. See Ziegler v. Indian River County, 64 F.3d 470 (9th Cir. 1995). Cf. Walden v. Fiore, __U.S.__, 134 S. Ct. 1115 (2014).

However, no appropriate venue exists for this action against any of the Nevada defendants. 28 U.S.C. Section 1391. None of the defendants reside in California, and all the substantive actions of which plaintiff complains took place in Nevada; the mere administrative request to effectuate plaintiff's arrest in California for proceedings instituted in Nevada has nothing to do with the underlying alleged acts which comprise the entirety of the action. All of the defendants could be sued in a Nevada court, assuming that any viable litigation exists.

Moreover, plaintiff's claims implicate the validity of his ongoing criminal action. To a primary extent, plaintiff is challenging ongoing criminal proceedings, and therefore this action is barred by the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37 (1971). The

1  abstention doctrine, set forth in Younger, prevents a federal court in most circumstances from
2  directly interfering with ongoing criminal proceedings in state court.  Further, the Younger
3  abstention doctrine bars requests for declaratory and monetary relief for constitutional injuries
4  arising out of a plaintiff's ongoing state criminal prosecution.  Mann v. Jett, 781 F.2d 1448, 1449
5  (9th Cir.1986).  Additionally, the Younger abstention doctrine applies while a case works its way
6  through the state appellate process, if a prisoner is convicted.  New Orleans Pub. Serv., Inc. v.
7  Council of City of New Orleans, 491 U.S. 350, 369, 109 S. Ct. 2506, 105 L.Ed.2d 298 (1989).
8  Accordingly, plaintiff's claims challenging ongoing criminal proceedings are barred by the
9  Younger abstention doctrine.

10        Younger abstention is appropriate when the following criteria are met: (1) state judicial
11  proceedings are pending; (2) the state proceedings implicate important state interests; and (3) the
12  state proceedings provide an adequate opportunity in state court to raise constitutional challenges.
13  See Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 432, 102 S.
14  Ct. 2515, 73 L.Ed.2d 116 (1982).  This case clearly meets the Younger abstention criteria.  First,
15  plaintiff's criminal proceedings are still pending, and any relief granted here would obviously
16  interfere with those proceedings—in fact it would appear that this is precisely what plaintiff may
17  be seeking in terms of relief in this civil rights action.  Second, any such ongoing criminal
18  proceedings would clearly implicate important state interests.  See Kelly v. Robinson, 479 U.S.
19  36, 49, 107 S. Ct. 353, 93 L.Ed.2d 216 (1986) ("This Court has recognized that the States'
20  interest in administering their criminal justice systems free from federal interference is one of the
21  most powerful of the considerations that should influence a court considering equitable types of
22  relief.")  Finally, plaintiff has an adequate opportunity in state court to raise any constitutional or
23  federal law challenge to his criminal prosecution.  See Lebbos v. Judges of the Superior Court,
24  883 F.2d 810, 813 (9th Cir.1989) ("Abstention is appropriate based on 'interest of comity and
25  federalism [that] counsel federal courts to abstain from jurisdiction whenever federal claims have
26  been or could be presented in ongoing state judicial proceedings that concern important state
27  interests.'")
28  /////

Lastly, plaintiff has failed to establish that any exception to the <u>Younger</u> abstention doctrine would apply in this case. In this regard,

> If state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist, the district court may exercise jurisdiction even when the criteria for Younger abstention are met. <u>See</u> <u>Gibson v. Berryhill</u>, 411 U.S. 564, 578–79, 93 S.Ct. 1689, 36 L.Ed.2d 488 (1973) (holding that Younger abstention did not apply to a suit to enjoin a proceeding before an administrative board that had a pecuniary interest in the outcome); <u>Partington v. Gedan</u>, 961 F.2d 852, 861 (9th Cir.1992) (referring to the "'bad faith and harassment' exception" to Younger abstention).

<u>Baffert v. California Horse Racing Bd.</u>, 332 F.3d 613, 621 (9th Cir.2003). <u>See also</u> <u>Dubinka v. Judges of the Superior Court</u>, 23 F.3d 218, 225–26 (9th Cir. 1994) (a federal court need not abstain in "extraordinary circumstances" such as when the state court proceedings are undertaken in bad faith or for purposes of harassment or are based upon a statute that is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph[.]"); <u>Lebbos</u>, 883 F.2d at 816.

If plaintiff were an Indian in Indian territory, more substantial federal issues might be present. However, as plaintiff is a non-Indian, the undersigned is unaware of jurisdictional issues which might exist in this case. <u>See</u> <u>Solem v. Bartlett</u>, 465 U.S. 463, 465 n.2 (1984) (state has jurisdiction over crimes by non-Indians against non-Indians and victimless crimes committed by non-Indians).

In short, here it is clear that plaintiff is seeking to have this court intervene in an ongoing Nevada state criminal prosecution—precisely the type of circumstance to which <u>Younger</u> abstention was intended to apply. Venue is inappropriate in this district. It is also clear that leave to amend, at least in this district, would be futile in light of the clear deficiencies outlined above. For these reasons, the court recommends that this action be dismissed with no leave to amend in this district.[1]

/////

---

[1] In all likelihood, plaintiff's claim is barred by prosecutorial immunity as the prosecution in Nevada was initiated by the prosecutor, and the Sheriff was merely carrying out the arrest warrant etc. in Nevada. However, these Findings need not be predicated upon absolute immunity.

1  For these same reasons, plaintiff's "motion to stop illegal prosecution and for the appointment of attorney," and his motion for order shortening time to the same effect, must be denied. Both motions seek to have this court intervene in his ongoing criminal prosecution, specifically his extradition hearing scheduled for October 22, 2014.

Good cause appearing, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff's motion to stop illegal prosecution and for the appointment of an attorney, filed September 18, 2014, (ECF No. 3), is denied.

3. Plaintiff's motion for order shortening time in regard to his motion to stop illegal prosecution and for the appointment of an attorney, filed September 18, 2014, (ECF No. 4), is denied.

IT IS HEREBY RECOMMENDED that this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 25, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Sing2170.dis