UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAM SING, | No. 2:14-cv-2170 MCE GGH PS |
| Plaintiff, | |
| v. | ORDER |
| MINERAL COUNTY, et al., | |
| Defendants. | |

Plaintiff Sing is proceeding in this action pro se and in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302(21), pursuant to 28 U.S.C. § 636(b)(1).

By order of September 25, 2014, plaintiff's motion for order shortening time to hear his motion to "stop illegal prosecution and for the appointment of attorney" and the underlying motion were denied. The undersigned also recommended that the action be dismissed under Younger based on an ongoing state criminal prosecution, lack of personal jurisdiction over the Nevada defendants, and lack of proper venue in this district.

Plaintiff has now filed an amended motion "to avoid illegal prosecution and for the appointment of attorney," as well as a motion for order shortening time in which to hear this motion.

These motions must be denied for all the reasons set forth in this court's September 25, 2014 order and findings and recommendations. Additionally, plaintiff appears to be arguing for the rights of Indians residing on the reservation in Nevada but he may not litigate the claims of others because he has no standing to do so. Halet v. Wend Inv. Co., 672 F.2d 1305, 1308 (9th

Cir. 1982) (party must assert [his] own rights not those of third parties), citing <u>Duke Power Co. v. Carolina Environmental Study Group</u>, 438 U.S. 59, 80, 98 S. Ct. 2620, 2634 (1978); <u>Warth v. Seldin</u>, 422 U.S. 490, 499, 95 S. Ct. 2197, 2205 (1974).  Plaintiff, who is proceeding in this action pro se, may proceed only on his own behalf.

As to plaintiff's argument that this court should not abstain but should exercise its jurisdiction, the cases cited by plaintiff in support, <u>Ross v. Neff</u>, 905 F.2d 1349 (10th Cir. 1990); <u>U.S. v. Baker</u>, 894 F.2d 1144 (10th Cir. 1990); <u>Bishop Paiute Tribe v. County of Inyo</u>, 291 F.3d 549 (9th Cir. 2002),[1] concerned parties who were Indian tribe members and are distinguishable on this basis.  Plaintiff does not assert that he is Indian or a member of the tribe living on the Walker River Indian Reservation.

For these reasons, plaintiff's motions must be denied.

Good cause appearing, IT IS ORDERED that:

1.  Plaintiff's amended motion to avoid illegal prosecution and for the appointment of attorney, filed September 29, 2014, (ECF No. 6), is denied.

2.  Plaintiff's amended motion for order shortening time in regard to his motion to stop illegal prosecution and for the appointment of an attorney, filed September 29, 2014, (ECF No. 8), is denied.  Plaintiff is warned that if he continues to file repetitive motions raising the same arguments, they will be summarily denied.

Dated:  10/03/14

/s/ Gregory G. Hollows
U.S. Magistrate Judge

76/Sing2170.mtns

---

[1]  Judgment vacated and remanded by <u>Inyo County, Cal. v. Paiute-Shoshone Indians of the Bishop Community</u>, 538 U.S. 701, 123 S.Ct. 1887 (2003).